IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARK DOUGLAS                                                                                           PLAINTIFF

vs.                                            Civil No. 4:12-cv-04019

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Mark Douglas ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed his application for DIB on August 10, 2010. (Tr. 9, 98-99). Plaintiff alleged he was disabled due to type 1 diabetes, neuropathy, high blood pressure, depression, warts, heart attack, and mood swings. (Tr. 134). Plaintiff alleged an onset date of October 5, 2009. (Tr. 134). Plaintiff's application was denied initially and at the reconsideration level. (Tr. 44-46, 49-50).

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

1

On March 10, 2011, Plaintiff requested an administrative hearing on his application. (Tr. 52-53). This hearing was held on September 1, 2011 in Texarkana, Arkansas. (Tr. 22-41). Plaintiff was present and was represented by his attorney at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Jerry Hildrey testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a GED. (Tr. 26).

On October 31, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 9-17). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 5, 2009. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the severe impairments of diabetes mellitus with neuropathy and retinopathy and depression. (Tr. 11, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-15). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found his claimed limitations were not totally credible. (Tr. 14). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for medium work limited to unskilled work with no complex or detailed instructions. (Tr. 13, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 15, Finding 6). The ALJ determined,

considering his RFC, that Plaintiff would be unable to perform his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 16, Finding 10). The ALJ then used Medical-Vocational Guidelines Rule 203.29 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.21. (Tr. 16). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of the decision. (Tr. 16, Finding 11).

On November 10, 2011, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On January 9, 2012, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). On March 2, 2012, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on March 13, 2012. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 8, 10. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

3

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8 at 10-20. Specifically, Plaintiff claims the ALJ erred (1) by failing to find Plaintiff met Listing 9.08, (2) by failing to properly evaluate the severity of Plaintiff's chronic pain, (3) by failing to give proper weight to the opinions of Plaintiff's treating physician, and (4) by failing to fully and fairly develop Plaintiff's vocational profile. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10. Because this Court finds the ALJ improperly evaluated the opinions of Plaintiff's treating physician, this Court will only address this issue.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and

5

for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC for medium work limited to unskilled work with no complex or detailed instructions. (Tr. 13, Finding 5). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of his treating physician, Dr. Shawn Stussy. ECF No. 8, Pgs. 16-19. Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record. ECF No. 10, Pgs, 9-11.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff was first seen by his treating physician, Dr. Stussy, on March 22, 2011. (Tr. 371-373). Plaintiff complained of fatigue, diminished sensation in his feet and legs, and dizziness. *Id.* Plaintiff was also treated for diabetes, anxiety, and hypertension. *Id.* Plaintiff was seen by Dr. Stussy for several follow up visits between March 31, 2011 and July 7, 2011. (Tr. 356-373, 389-385). Additionally on May 16, 2011, Dr. Stussy prepared correspondence to the medical file which indicated in his opinion, Plaintiff was "permanently disabled" (Tr. 350). Finally, on May 19, 2011, Dr. Stussy prepared a RFC Evaluation for Plaintiff. (Tr. 351-354). Dr. Stussy's findings indicate Plaintiff would need complete freedom to rest frequently with standing and sitting, and could do no lifting or carrying. *Id.*

In his opinion, the ALJ never mentioned Dr. Stussy's name, but he did indicate he reviewed the opinions of Plaintiff's treating physician. (Tr. 15). He then stated he gave those opinions no weight. *Id.* His basis for giving no weight was that the opinions were not supported by the treatment records and the Plaintiff's testimony conflicted these opinions. *Id.* There was no further discussion or detail given by the ALJ regarding Dr. Stussy's opinions or the basis for discounting them.

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, The ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Stussy's findings. *See Brown,* 611 F.3d at 951-52. Furthermore, the record does not contain other medical assessments which are supported by better or more thorough medical evidence as required by SSR 96-2p in order to disregard a treating physician's opinion.

7

In this matter substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinion of Plaintiff's treating physician, Dr. Stussy.  Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Stussy. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **12th day of February 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.